WRIGHT, FINLAY & ZAK, LLP
Dana Jonathon Nitz, Esq.
Nevada Bar No. 0050
Chelsea A. Crowton, Esq.
Nevada Bar No. 9313
7785 W. Sahara Ave, Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
dnitz@wrightlegal.net
ccrowton@wrightlegal.net
*Attorneys for Plaintiff, Nationstar Mortgage, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC, a Delaware Company, | Case No.: |
| Plaintiff, | **NATIONSTAR MORTGAGE, LLC'S COMPLAINT FOR QUIET TITLE AND DECLARATORY RELIEF** |
| vs. | |
| EQUITY TRUST COMPANY CUSTODIAN FBO Z130255, an Ohio Company; ASHWIN PATEL, an Individual, | |
| Defendants. | |

COMES NOW Plaintiff, Nationstar Mortgage, LLC (hereinafter "Nationstar" or "Plaintiff"), by and through their attorneys of record, Dana Jonathon Nitz, Esq. and Chelsea A. Crowton, Esq., of the law firm of Wright, Finlay & Zak, LLP, and hereby files this action against the Defendants.

### PARTIES, JURISDICTION AND VENUE

1.      The real property which is the subject of this civil action consists of a residence commonly known as 3400 Cabana Drive #2129, Las Vegas, Nevada 89122, APN 161-26-512-253 (hereinafter "Property").

2.      Nationstar is a Delaware limited liability company, with its principal place of business located in Lewisville, Texas.

3.    Nationstar is now and at all times relevant herein the assigned Beneficiary under the Deed of Trust signed by Virgilia Munoz and Frank Ornelas, a single man (hereinafter "Munoz"), recorded on March 28, 2002 (hereinafter "Deed of Trust"), which encumbers the Property and secures a promissory note.

4.    Upon information and belief, Defendant, Equity Trust Company Custodian FBO Z130255 (hereinafter "Equity Trust" and "Buyer"), is an Ohio company and claims it is the current titleholder of the Property.

5.    Upon information and belief, Defendant, Ashwin Patel (hereinafter "Buyer"), is an individual residing in Ohio and claims to be the current titleholder of the Property.

6.    This action is within the jurisdictional limits of this Court and this venue is appropriate because the Property involved is located within the jurisdiction of this Court. Plaintiff is also authorized to bring this action in the State of Nevada by NRS 40.430.

7.    The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as Plaintiff is "citizens of different States" from all defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.    The Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the claims asserted arise under the laws of the United States.

9.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because Defendants reside in this district; a substantial part of the events or omissions giving rise to these claims occurred in this district; and the property that is the subject of this action is situated in this district.

10.    The Court has personal jurisdiction over HOA Buyers because this lawsuit arises out of and is connected with the purposeful purchase of an interest in real property situated in Nevada and, upon information and belief, Equity Trust is an Ohio company and Patel is an individual residing in Ohio.

///

///

///

1

## FACTUAL BACKGROUND

2 *Nationstar's Interest in the Property.*

3    **1.**    On or about March 26, 2002, Munoz purchased the Property.1  The Property is

4 legally described as set forth in Exhibit A attached to **Exhibit 1** of the Complaint.

5    **2.**    The Deed of Trust executed by Munoz identified First Horizon Home Loan

6 Corporation as the Lender and secured a loan in the amount of $92,269 (hereinafter the "Munoz

7 Loan").[2]

8    **3.**    On November 28, 2012, an Assignment of Deed of Trust was recorded, whereby

9 all beneficial interest in the 2002 Note and Deed of Trust to First Horizon Home Loans.[3]

10    **4.**    On August 15, 2014, an Assignment of Deed of Trust was recorded, whereby

11 Nationstar was assigned all beneficial interest in the 2002 Note and Deed of Trust.[4]

12    **5.**    Munoz is an FHA Loan.

13 *The HOA Foreclosure and Equity Trust Alleged Acquisition of the Property.*

14    **6.**    On January 7, 2013, a Notice of Delinquent Assessment Lien was recorded

15 against the Property.[5]

16    **7.**    On March 11, 2013, a Notice of Default and Election to Sell under Homeowners

17 Association Lien was recorded against the Property.[6]

18    **8.**    On October 22, 2013, a Notice of Foreclosure Sale was recorded against the

19

20

---

21 [1] A true and correct copy of the GBS Deed recorded in the Clark County Recorder's Office as

22 Book and Instrument Number 20020328-0000026 is attached to the Plaintiff's Complaint as
**Exhibit 1**.  All other recordings hereafter are recorded in the same manner and method.

23 [2] A true and correct copy of the Deed of Trust recorded as Book and Instrument Number

24 20020328-00000028 is attached to Plaintiff's Complaint as **Exhibit 2**.
[3] A true and correct copy of the Assignment recorded as Book and Instrument Number

25 20121128-0001177 is attached to Plaintiff's Complaint as **Exhibit 3**.

26 [4] A true and correct copy of the Assignment recorded as Book and Instrument Number
20140815-0000385 is attached to Plaintiff's Complaint as **Exhibit 4**.

27 [5] A true and correct copy of the Notice of Lien (HOA) recorded as Book and Instrument Number
20130107-0001405 is attached to Plaintiff's Complaint as **Exhibit 5**.

28 [6] A true and correct copy of the Notice of Default (HOA) recorded as Book and Instrument
Number 20130311-0001800 is attached to Plaintiff's Complaint as **Exhibit 6**.

1    Property by HOA Trustee.[7]

2      **9.**      Upon information and belief, pursuant to that Notice of Sale, a non-judicial

3    foreclosure sale occurred on November 15, 2013 (hereinafter the "HOA Sale"), whereby Nevada

4    New Builds, LLC acquired its interest in the Property, if any, for $11,000.[8]

5      **10.**      On May 12, 2014, a Deed of Sale was recorded by which Buyer claims its

6    interest.[9]

7              **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

8      **11.**      The HOA Sale did not comply with NRS 116.3102 et seq. because none of the

9    aforementioned notices identified above identified what portion of the claimed lien were for

10    alleged late fees, interest, fines/violations, or collection fees/costs.

11      **12.**      The above-stated Notice of Default did not "describe the deficiency in payment"

12    in violation of NRS 116 et seq.

13      **13.**      None of the aforementioned notices identified above specified what portion of the

14    lien, if any, that the HOA claimed constituted a "super-priority" lien, specified whether the HOA

15    was foreclosing on the "super-priority" portion of its lien, if any, or under the non-super-priority

16    portion of the lien, or provided any notice of a right to cure by Plaintiff.

17      **14.**      Upon information and belief, the HOA and its foreclosure trustee, did not comply

18    with all mailing and noticing requirements stated in NRS 116.31162 through NRS 116.31168.

19      **15.**      The HOA Sale was an invalid sale and could not have extinguished Plaintiff's

20    secured interest because of above-stated defects in the notices given to Plaintiff, or its

21    predecessors, agents, servicers or trustees, if any.

22      **16.**      The HOA Sale is unlawful and void because the "opt-in" provision in NRS

23    116.3116 does not satisfy Constitutional Due Process safeguards under the 5th and 14th

24    Amendment to the United States Constitution, nor Clause 1, Section 8, of the Nevada

---

[7] A true and correct copy of the Notice of Sale (HOA) recorded as Book and Instrument Number 20131022-0001801 is attached to Plaintiff's Complaint as **Exhibit 7.**

[8] A true and correct copy of the Foreclosure Deed recorded as Book and Instrument Number 20131118-0001812 is attached to Plaintiff's Complaint as **Exhibit 9.**

[9] A true and correct copy of the Deed of Sale recorded as Book and Instrument Number 20140512-0001037 is attached to Plaintiff's Complaint as **Exhibit 8.**

1   Constitution, so that the statute is unconstitutional on its face.

2       **17.**    NRS Chapter 116 is unconstitutional on its face and the HOA Sale is unlawful
3   and void because the "opt-in" provision in NRS 116.3116 does not satisfy Constitutional Due
4   Process safeguards under the 14th Amendment to the United States Constitution, nor Clause 1,
5   Section 8, of the Nevada Constitution.

6       **18.**    NRS Chapter 116 is unconstitutional on its face and the HOA Sale is unlawful
7   and void because the statutory scheme set forth in NRS 116.3116 et seq. constitutes a regulatory
8   taking of private property without adequate compensation.

9       **19.**    NRS Chapter 116 is unconstitutional on its face as it lacks any express
10   requirement for an HOA or its agents to provide notice of a foreclosure to the holder of a first
11   deed of trust or mortgage.

12       **20.**    NRS Chapter 116 is unconstitutional on its face as it lacks any express
13   requirement for an HOA or its agents to provide notice of the super-priority amount, if any, to
14   the holder of a first deed of trust or mortgage or to accept tender of the super-priority amount or
15   any amount from the holder.

16       **21.**    NRS Chapter 116 is unconstitutional on its face due to vagueness and ambiguity.

17       **22.**    A homeowner's association sale must be done in a commercially reasonable
18   manner.

19       **23.**    Upon information and belief, at the time of the HOA Sale, the fair market value of
20   the Property exceeded $70,000.

21       **24.**    The amount paid at the HOA Sale allegedly totaled $11,000.

22       **25.**    The HOA Sale is commercially unreasonable under NRS 116.1113 based on the
23   above statements, the circumstances of the HOA Sale, and based on the sales price compared to
24   the faire market value of the Property.

25       **26.**    The CC&Rs contained a Mortgagee Protection Clause, and because Plaintiff, its
26   agents, loan servicers, and/or predecessors in interest were not given proper notice that the HOA
27   intended to foreclose on the super-priority portion of the dues owing, Plaintiff was not on notice
28   that it had to attend the HOA Sale to protect its security interest.

1   **27.**   Pursuant to NRS 116.31162(1) an association may only proceed with foreclosure
2   under NRS 116.31162 – 116.31168 if the declaration or CC&RS so provide.

3   **28.**   The CC&Rs contain a Mortgage Protection Clause.

4   **29.**   The CC&Rs and the Mortgage Protection Clause therefore prohibit the HOA from
5   foreclosing on a unit where the mortgage or deed of trust would be eliminated.

6   **FIRST CAUSE OF ACTION**

7   **(Quiet Title/Declaratory Relief versus Buyer)**

8   **30.**   Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth
9   herein.

10   **31.**   Pursuant to 28 U.S.C. § 2201, NRS 30.010 et seq. and NRS 40.010, this Court
11   has the power and authority to declare Plaintiff's rights and interests in the Property and to
12   resolve Defendants' adverse claims in the Property.

13   **32.**   Further, pursuant to NRS 30.010 et seq., this Court has the power and authority to
14   declare the rights and interest of the parties following the acts and omissions of the HOA and
15   HOA Trustee in foreclosing the Property.

16   **33.**   Plaintiff's Deed of Trust is a first secured interest on the Property as intended by
17   NRS 116.3116(2)(b).

18   **34.**   As the owner of an interest in the Deed of Trust and owner of the Note relating to
19   the Munoz Loan, Plaintiff's interest still encumbers the Property and retains its first position
20   status in the chain of title and is superior to the interest, if any, acquired by Buyer, or held or
21   claimed by any other party.

22   **35.**   Upon information and belief, Equity Trust claims an interest in the Property
23   through a Foreclosure Deed recorded in the Clark County Recorder's Office as Book and
24   Instrument Number 20131118-0001812 and Deed of Sale recorded as Book and Instrument
25   Number 20140512-0001037 that is adverse to the Plaintiff's interest.

26   **36.**   Upon information and belief, the Munoz Loan is a Federal Housing
27   Administration ("FHA") insured loan.

28   **37.**   Title or a mortgage interest in real property held by a federal agency is a federal

1 || property that is protected by the U.S. Constitution.

2      **38.**    The Property Clause of the U.S. Constitution applies and prevents Plaintiff's

3 || interest through its Deed of Trust from being divested by the HOA Sale.

4      **39.**    The Supremacy Clause of the U.S. Constitution applies and prevents Plaintiff's

5 || interest through its Deed of Trust from being divested by the HOA Sale.

6      **40.**    Applying NRS Chapter 116 or other state law in a manner that extinguishes

7 || Plaintiff's Deed of Trust would violate the Property and Supremacy Clauses of the United States

8 || Constitution.

9      **41.**    Since the Munoz Loan is an FHA loan, it is a federally protected property interest

10 || that cannot be divested by the actions of the Nevada Legislature through NRS Chapter 116.

11      **42.**    The HOA Sale is in invalid sale and could not have extinguished Nationstar's

12 || secured interest for the reasons set forth above in the Factual Background and General

13 || Allegations.

14      **43.**    Based on the adverse claims being asserted by the parties, Plaintiff is entitled to a

15 || judicial determination regarding the rights and interests of the respective parties to the case.

16      **44.**    For all the reasons set forth above and in the Factual Background, Plaintiff is

17 || entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, NRS 30.010 et seq.

18 || and NRS 40.010, the HOA Sale is unlawful and void under NRS 116.3102 et seq.

19      **45.**    Plaintiff is entitled to a determination from this Court, pursuant to 28 U.S.C. §

20 || 2201, NRS 30.010 et seq. and NRS 40.010, that Plaintiff is the beneficiary of a first position

21 || Deed of Trust which still encumbers the Property and is superior to the interest held by Buyer

22 || and all other parties, if any.

23      **46.**    In the alternative, for all the reasons set forth above and in the Factual

24 || Background, Plaintiff is entitled to a determination from this Court, pursuant to NRS 40.010, that

25 || the HOA Sale was unlawful and void.

26      **47.**    Plaintiff has furthermore been required to retain counsel and is entitled to recover

27 || reasonable attorney's fees for having brought the underlying action.

28

### SECOND CAUSE OF ACTION

### (Preliminary and Permanent Injunction Versus Buyer)

**48.** Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

**49.** As set forth above, Defendants may claim an ownership interest in the Property that is adverse to Plaintiff.

**50.** Any sale, transfer or encumbrance of the Property, prior to a judicial determination concerning the respective rights and interests of the parties to the case, would be invalid because Plaintiff's Deed of Trust still encumbers the Property in first position and was not extinguished by the HOA Sale.

**51.** Plaintiff have a reasonable probability of success on the merits of the Complaint, for which compensatory damages will not compensate Plaintiff for the irreparable harm of the loss of title to a bona fide purchaser or loss of the first position priority status secured by the Property.

**52.** Plaintiff has no adequate remedy at law due to the uniqueness of the Property involved in the case.

**53.** Plaintiff is entitled to a preliminary and permanent injunction prohibiting Defendants from conducting any sale, transfer or encumbrance of the Property if it is claimed to be superior to Plaintiff's Deed of Trust or not subject to that Deed of Trust.

**54.** Plaintiff is entitled to a preliminary injunction requiring Buyer to pay all taxes, insurance and homeowner's association dues during the pendency of this action.

**55.** Plaintiff has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

### PRAYER

Wherefore, Nationstar prays for judgment against the Defendants, jointly and severally, as follows:

1. For a declaration and determination that Nationstar's interest is secured against the Property, and that Nationstar's first Deed of Trust was not extinguished by the

1      HOA Sale;

2    2.    For a declaration and determination that Nationstar's interest is superior to the

3          interest of Buyer and all other Defendants;

4    3.    For a declaration and determination that the HOA Sale was invalid to the extent it

5          purports to convey the Property free and clear to Buyer;

6    4.    In the alternative, for a declaration and determination that the HOA Sale was

7          invalid and conveyed no legitimate interest to Buyer;

8    5.    For a preliminary and permanent injunction that Buyer, its successors, assigns,

9          and agents are prohibited from conducting a sale, transfer or encumbrance of the

10          Property;

11    6.    For a preliminary injunction that Buyer, its successors, assigns, and agents pay all

12          taxes, insurance, and homeowner's association dues during the pendency of this

13          action.

14    7.    If it is determined that Nationstar's Deed of Trust has been extinguished by the

15          HOA Sale, for special damages in the amount of the fair market value of the

16          Property or the unpaid balance of the Munoz Loan and Deed of Trust, at the time

17          of the HOA Sale, whichever is greater;

18    8.    For general and special damages;

19    9.    For attorney's fees;

20    10.    For costs incurred herein, including post-judgment costs;

21    11.    For any and all further relief deemed appropriate by this Court.

22    DATED this 9th day of Sept., 2015.

23                                  WRIGHT, FINLAY & ZAK, LLP

24                                  Dana Jonathon Nitz, Esq.
                                    Nevada Bar No. 0050
25                                  Chelsea A. Crowton, Esq.
                                    Nevada Bar No. 11547
26                                  7785 W. Sahara Ave, Suite 200
27                                  Las Vegas, NV 89117
                                    ccrowton@wrightlegal.net
28                                  *Attorneys for Plaintiff, Nationstar Mortgage, LLC*

## Exhibit 1

## Exhibit 1

## Exhibit 1

200203 28
.00026

## State of Nevada
## Declaration of Value

1. Assessor Parcel Number(s)
   a) 161-36-512-253
   b) _____
   c) _____
   d) _____
   _____
   _____
   _____

FOR RECORDER'S OPTIONAL USE ONLY

Document/Instrument #: _____

Book: _____ Page: _____

Date of Recording: _____

Notes: _____

2. Type of Property:
   - [ ] a) Vacant Land
   - [✓] b) Single Family Residence
   - [ ] c) Condo/Twnhse
   - [ ] d) 2-4 Plex
   - [ ] e) Apt. Bldg.
   - [ ] f) Comm'l/Ind'l
   - [ ] g) Agricultural
   - [ ] h) Mobile Home
   - [ ] i) Other

3. Total Value/Sales Price of Property ............ $94,490.00

   Deed in Lieu of Foreclosure Only (value of property) _____

   Transfer Tax Value: ............ $94,490.00

   Real Property Transfer Tax Due ............ $236.25

4. If Exemption Claimed:
   a. Transfer Tax Exemption, per NRS 375.090, Section: _____
   b. Explain Reason for Exemption: _____

5. Partial Interest: Percentage being transferred: 100 %

The undersigned declare(s) and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature: _____ Capacity: _____
Signature: _____ Capacity: Buyer

| SELLER (GRANTOR) INFORMATION (REQUIRED) | BUYER (GRANTEE) INFORMATION (REQUIRED) |
|---|---|
| Print Name: Blackhorse L.L.C. | Print Name: Virgilio Munoz |
| Address: 2001 S. Jones #E | Address: 3400 Cabana Drive #2129 |
| City/State/Zip: Las Vegas, NV 89102 | City/State/Zip: Las Vegas, NV 89122 |

COMPANY/PERSON REQUESTING RECORDING (required if not seller or buyer)

| Print Name: | Nevada Title Company | Esc. #: 01-07-0612-MH |
| Address: | 3330 West Sahara, Suite 200 | |
| City: | Las Vegas | State: NV | Zip: 89102-0000 |

(AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED)

26

Affix R.P.T.T., $ 236.25
APN: 161-16-512-253

20020328
.00026

## GRANT, BARGAIN, SALE DEED

THIS INDENTURE WITNESSETH: That

BLACKHORSE , LLC, A NEVADA LIMITED LIABILITY COMPANY

③

FOR A VALUABLE CONSIDERATION, the receipt of which is hereby acknowledged, do hereby Grant, Bargain, Sell and Convey to:

VIRGILIA MUNOZ, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY AND FRANK ORNELAS, A SINGLE MAN AS JOINT TENANTS

all that real property situated in the city of ___LAS VEGAS_____ County of _CLARK_____
State of Nevada, bounded and described as follows:

SEE EXHIBIT "A" ATTACHED HERETO AND BY THIS REFERENCE
MADE A PART HEREOF FOR LEGAL DESCRIPTION.

SUBJECT TO:  1. Taxes for the current fiscal year.
2. Covenants, Conditions, Restrictions, Reservations, Rights of way and Easements now of record.

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

Witness _OUR____ hand _IN__ this ___26___ day of _____MARCH_____ , 20 02

BLACKHORSE, LLC, A NEVADA LIMITED LIABILITY
COMPANY
BY: PAGEANTRY DEVELOPMENT CORP, MANAGER

BY: _____
DON G. WHITE, PRESIDENT

STATE OF NEVADA
}  SS.
COUNTY OF __CLARK_____

On _MARCH 26, 2002_____

Before me, a Notary Public, personally appeared

___DON G. WHITE AS PRESIDENT___
___OF PAGEANTRY DEVELOPMENT___
___CORP___

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to this instrument and acknowledged that he (she or they) executed it.

Signature _____
Notarial Seal  (Notary Public)

RAYNA PETERSON
Notary Public - Nevada
No. 98-4754-1
My appt. exp. Apr. 30, 2002

NEVADA TITLE COMPANY:

ESCROW NO  01-07-0612-MH

MAIL TAX STATEMENTS TO:

VIRGILIA MUNOZ AND FRANK ORNELAS
3400 CABANA DRIVE #2129
LAS VEGAS, NV 89122

20020328
.00026

Order . .mber: 01-07-0612-MH
1st Amendment

**EXHIBIT "A"**
**LEGAL DESCRIPTION**

**PARCEL ONE (1):**

AN UNDIVIDED 1/8 INTEREST AS TENANT IN COMMON IN AND TO PHASE 16
OF BLACKHORSE CONDOMINIUMS, AS SHOWN BY MAP THEREOF ON FILE
IN BOOK 97 OF PLATS, PAGE 39, IN THE OFFICE OF THE COUNTY RECORDER
OF CLARK COUNTY, NEVADA.

EXCEPTING THEREFROM THE FOLLOWING ALL UNITS IN ALL RESIDENTIAL
BUILDINGS AND DESIGNATED EXCLUSIVE USE EASEMENTS AS SHOWN ON
THE CONDOMINIUM PLAT REFERRED TO ABOVE.

AND RESERVING THEREFROM, THE RIGHT TO POSSESSION OF ALL THOSE
AREAS DESIGNATED AS EXCLUSIVE USE EASEMENTS AS SHOWN UPON
THE PLAT REFERRED TO ABOVE.

AND FURTHER RESERVING THEREFROM FOR THE BENEFIT OF OWNERS IN
FUTURE DEVELOPMENT, NON-EXCLUSIVE EASEMENTS ON, OVER AND
UNDER THE COMMON AREA AS DEFINED AND SHOWN UPON THE
CONDOMINIUM PLAT REFERRED TO ABOVE FOR INGRESS, EGRESS AND
RECREATION USE, SUBJECT TO THE TERMS AND AS MORE PARTICULARLY
SET FORTH IN THE DECLARATION OF COVENANTS, CONDITIONS AND
RESTRICTIONS AND RESERVATION OF EASEMENTS FOR BLACKHORSE
CONDOMINIUMS, RECORDED JANUARY 29, 2001 IN BOOK 20010129 AS
DOCUMENT NO. 00268, AS THE SAME MAY BE AMENDED AND/OR
SUPPLEMENTED, OF OFFICIAL RECORDS, EXCEPTING FROM THE COMMON
AREA, ANY RESIDENTIAL BUILDINGS THEREFROM AND ANY PORTION
THEREOF WHICH IS DESIGNATED AS EXCLUSIVE USE EASEMENTS.

**PARCEL TWO (2):**

LIVING UNIT 2129 IN BUILDING 32 OF BLACKHORSE CONDOMINIUMS, AS
SHOWN BY MAP THEREOF ON FILE IN BOOK 97 OF PLATS, PAGE 39, IN THE
OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

20020328
.00026

20020328
.00026

Order . umber: 01-07-0612-MH
1st Amendment

**PARCEL THREE (3):**

THE EXCLUSIVE RIGHT TO USE, POSSESSION AND OCCUPANCY OF THOSE
PORTIONS OF PARCEL ONE (1) DESCRIBED ABOVE AS LIMITED COMMON
ELEMENTS AND DEPICTED AS PARKING SPACE 261 OF THE CONDOMINIUM
SUBDIVISION REFERRED TO ABOVE WHICH RIGHT IS APPURTENANT TO
PARCELS ONE (1) AND TWO (2) ABOVE DESCRIBED.

**PARCEL FOUR (4):**

A NON-EXCLUSIVE EASEMENT FOR INGRESS, EGRESS AND RECREATIONAL
USE, OVER AND UNDER THE COMMON AREAS AND PRIVATE STREETS OF
BLACKHORSE CONDOMINIUMS ON FILE IN BOOK 97 OF PLATS, PAGE 39 IN
THE OFFICE FO THE COUNTY RECORDER OF CLARK COUNTY, NEVADA
AND FUTURE UNITS, WHICH EASEMENT IS APPURTENANT TO PARCELS
ONE (1) AND TWO (2) DESCRIBED ABOVE.

CLARK COUNTY, NEVADA
JUDITH A. VANDEVER, RECORDER
RECORDED AT REQUEST OF:

NEVADA TITLE COMPANY
03-28-2002 08:02   CAE            3
        OFFICIAL RECORDS
BOOK:  20020328 INST:      00026

FEE:      16.00 RPTT:        236.25

**<u>Exhibit 2</u>**

**<u>Exhibit 2</u>**

**<u>Exhibit 2</u>**

20020328
.00028

Assessor's Parcel Number: 161-16-512-253

County: 161-16-512-253 City:

~~Recording Requested By:~~
FIRST HORIZON HOME LOAN CORPORATION
4000 HORIZON WAY
IRVING, TX 75063

13

Mail Tax Statements To:   TOTAL MORTGAGE SOLUTIONS
C/O FIRST AMERICAN REAL ESTATE TAX SERVICE
3445 WINTON PLACE, SUITE 219
ROCHESTER, NY 14623

01-07-0612-ME
0028319911 ─────────── [Space Above This Line For Recording Data] ───────────

State of Nevada

| | |
|---|---|
| | FHA Case No. |
| | 332-3874975-734 |

# DEED OF TRUST

THIS DEED OF TRUST ("Security Instrument") is made on   **March 24th, 2002**
The Grantor is

VIRGILIA MUÑOZ, A MARRIED WOMAN, AS HER SOLE & SEPARATE PROPERTY AND

FRANK ORNELAS, A SINGLE MAN

("Borrower"). The trustee is
NEVADA TITLE COMPANY

("Trustee"). The beneficiary is  FIRST HORIZON HOME LOAN CORPORATION

which is organized and existing under the laws of   THE STATE OF KANSAS                    , and
whose address is     4000 HORIZON WAY
IRVING, TX 75063                 ("Lender"). Borrower owes Lender the principal sum of
NINETY TWO THOUSAND TWO HUNDRED SIXTY NINE & 00/100
Dollars (U.S. $   92,269.00     ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which
provides for monthly payments, with the full debt, if not paid earlier, due and payable on   **April 1st,**
**2032**          . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the
Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with
interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance

FHA Nevada Deed of Trust - 4/96

4R(NV) (0107)
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 8                Initials



20020328
.00028

of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to the Trustee, in trust, with power of sale, the following described property located in
                                                Clark                    County, Nevada:
**All that tract or parcel of land as shown on Schedule "A" attached hereto which is incorporated herein and made a part hereof.**

which has the address of    3400 CABANA DRIVE #2129, LAS VEGAS                    [Street, City],
Nevada          , 89122                    [Zip Code] ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

**1. Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

**2. Monthly Payment of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 *et seq.* and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements

4R(NV) (0107)                    Page 2 of 8                    Initials: _____

20020328
.00028

or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3. Application of Payments. All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

4. Fire, Flood and Other Hazard Insurance. Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property.

20020328
.00028

Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**9. Grounds for Acceleration of Debt.**

    **(a) Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

        (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

        (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

    **(b) Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

Initials

20020328
.00028

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) **Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

   **10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

   **11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

   **12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

Initials:

20020328
.00028

13. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

14. **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

15. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

16. **Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

Initials:

20020328
.00028

18. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold, and shall cause such notice to be recorded in each county in which any part of the Property is located. Lender shall mail copies of the notice as prescribed by applicable law to Borrower and to the persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

19. Reconveyance. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs.

20. Substitute Trustee. Lender at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

21. Assumption Fee. If there is an assumption of this loan, Lender may charge an assumption fee of U.S. $ dollarn not to exceed the maximum allowable per HUD.

22. Riders to this Security Instrument. If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument [Check applicable box(es)].

[X] Condominium Rider     [ ] Growing Equity Rider     [ ] Other [specify]
[ ] Planned Unit Development Rider     [ ] Graduated Payment Rider

Initials.

2002 03 28
.00028

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.
Witnesses:

_____    _____ (Seal)
                             VIRGILIA MUNOZ            -Borrower

_____    _____ (Seal)
                                                       -Borrower



_____ (Seal)   _____ (Seal)
FRANK ORNELAS            -Borrower                        -Borrower

_____ (Seal)   _____ (Seal)
                        -Borrower                        -Borrower

_____ (Seal)   _____ (Seal)
                        -Borrower                        -Borrower

STATE OF NEVADA
COUNTY OF    CLARK

This instrument was acknowledged before me on   March 26, 2002                   by
VIRGILIA MUNOZ
FRANK ORNELAS

ANDREA BOGGS
Notary Public State of Nevada
No.01-68628-1
My appt. exp. May 4, 2005

Andrea Boggs   _____

-6R(NV)  [0107]
Page 8 of 8

0028319911

EXHIBIT "A"

All that tract or parcel of land as shown on Schedule "A" attached
hereto which is incorporated herein and made a part hereof.

Order Number: 01-00068062-MH
20020328
1ST Amendment

## EXHIBIT "A"
## LEGAL DESCRIPTION

**PARCEL ONE (1):**

AN UNDIVIDED 1/8 INTEREST AS TENANT IN COMMON IN AND TO PHASE 16 OF BLACKHORSE CONDOMINIUMS, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 97 OF PLATS, PAGE 39, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

EXCEPTING THEREFROM THE FOLLOWING ALL UNITS IN ALL RESIDENTIAL BUILDINGS AND DESIGNATED EXCLUSIVE USE EASEMENTS AS SHOWN ON THE CONDOMINIUM PLAT REFERRED TO ABOVE.

AND RESERVING THEREFROM, THE RIGHT TO POSSESSION OF ALL THOSE AREAS DESIGNATED AS EXCLUSIVE USE EASEMENTS AS SHOWN UPON THE PLAT REFERRED TO ABOVE.

AND FURTHER RESERVING THEREFROM FOR THE BENEFIT OF OWNERS IN FUTURE DEVELOPMENT, NON-EXCLUSIVE EASEMENTS ON, OVER AND UNDER THE COMMON AREA AS DEFINED AND SHOWN UPON THE CONDOMINIUM PLAT REFERRED TO ABOVE FOR INGRESS, EGRESS AND RECREATION USE, SUBJECT TO THE TERMS AND AS MORE PARTICULARLY SET FORTH IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR BLACKHORSE CONDOMINIUMS, RECORDED JANUARY 29, 2001 IN BOOK 20010129 AS DOCUMENT NO. 00268, AS THE SAME MAY BE AMENDED AND/OR SUPPLEMENTED, OF OFFICIAL RECORDS, EXCEPTING FROM THE COMMON AREA, ANY RESIDENTIAL BUILDINGS THEREFROM AND ANY PORTION THEREOF WHICH IS DESIGNATED AS EXCLUSIVE USE EASEMENTS.

**PARCEL TWO (2):**

LIVING UNIT 2129 IN BUILDING 32 OF BLACKHORSE CONDOMINIUMS, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 97 OF PLATS, PAGE 39, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

Order Number: 01-000012-MH
1st Amendment

**PARCEL THREE (3):**

THE EXCLUSIVE RIGHT TO USE, POSSESSION AND OCCUPANCY OF THOSE
PORTIONS OF PARCEL ONE (1) DESCRIBED ABOVE AS LIMITED COMMON
ELEMENTS AND DEPICTED AS PARKING SPACE 261 OF THE CONDOMINIUM
SUBDIVISION REFERRED TO ABOVE WHICH RIGHT IS APPURTENANT TO
PARCELS ONE (1) AND TWO (2) ABOVE DESCRIBED.

**PARCEL FOUR (4):**

A NON-EXCLUSIVE EASEMENT FOR INGRESS, EGRESS AND RECREATIONAL
USE, OVER AND UNDER THE COMMON AREAS AND PRIVATE STREETS OF
BLACKHORSE CONDOMINIUMS ON FILE IN BOOK 97 OF PLATS, PAGE 39 IN
THE OFFICE FO THE COUNTY RECORDER OF CLARK COUNTY, NEVADA
AND FUTURE UNITS, WHICH EASEMENT IS APPURTENANT TO PARCELS
ONE (1) AND TWO (2) DESCRIBED ABOVE.

2000012559911
.00028

FHA Case No.
332-3874975-734

# CONDOMINIUM RIDER

THIS CONDOMINIUM RIDER is made this **24th** day of **March** , **2002** , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed ("Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Note ("Note") to

**FIRST HORIZON HOME LOAN CORPORATION**

("Lender") of the same date and covering the Property described in the Security Instrument and located at:

**3400 CABANA DRIVE #2129, LAS VEGAS, NV 89122**

[Property Address]

The Property includes a unit in, together with an undivided interest in the common elements of, a condominium project known as:

**BLACKHORSE CONDOMINIUMS**

[Name of Condominium Project]

("Condominium Project"). If the owners association or other entity which acts for the Condominium Project ("Owners Association") holds title to property for the benefit or use of its members or shareholders, the Property also includes Borrower's interest in the Owners Association and the uses, proceeds and benefits of Borrower's interest.

**CONDOMINIUM COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A. So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring all property subject to the condominium documents, including all improvements now existing or hereafter erected on the Property, and such policy is satisfactory to Lender and provides insurance coverage in the amounts, for the periods, and against the hazards Lender requires, including fire and other hazards included within the term "extended coverage," and loss by flood, to the extent required by the Secretary, then: (i) Lender waives the provision in Paragraph 2 of this Security Instrument for the monthly payment to Lender of one-twelfth of the yearly premium installments for hazard insurance on the Property, and (ii) Borrower's obligation under Paragraph 4 of this Security Instrument to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy. Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage and of any loss occurring from a hazard. In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property, whether to the condominium unit or to the common elements, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by this Security Instrument, with any excess paid to the entity legally entitled thereto.

FHA Multistate Condominium Rider - 10/95

-586 (9601)  U06D102
VMP MORTGAGE FORMS - (800)521-7291

Page 1 of 2                    Initials:

20020328
.00028

B. Borrower promises to pay all dues and assessments imposed pursuant to the legal instruments creating and governing the Condominium Project.

C. If Borrower does not pay condominium dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph C shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Condominium Rider.

_____ (Seal)          _____ (Seal)
VIRGILIA MUNOZ              -Borrower                                    -Borrower

_____ (Seal)          _____ (Seal)
FRANK ORNELAS              -Borrower                                    -Borrower

_____ (Seal)          _____ (Seal)
                           -Borrower                                    -Borrower

_____ (Seal)          _____ (Seal)
                           -Borrower                                    -Borrower

-585 (9601-

Page 2 of 2

U06D103

CLARK COUNTY, NEVADA
JUDITH A. VANDEVER, RECORDER
RECORDED AT REQUEST OF:

NEVADA TITLE COMPANY
03-28-2002 08:02    COE          13
                   OFFICIAL RECORDS
BOOK:  20020328 INST:    00028
FEE:      26.00 RPTT:         .00

# Exhibit 3

# Exhibit 3

# Exhibit 3

Inst #: 201211280001177
Fees: $17.00
N/C Fee: $0.00
11/28/2012 08:04:41 AM
Receipt #: 1397256
Requestor:
CASTLE STAWIARSKI, LLC · NE
Recorded By: SUO    Pgs: 1
**DEBBIE CONWAY**
CLARK COUNTY RECORDER

Requested and Prepared by:
**The Cooper Castle Law Firm**

When Recorded Mail To:
Cooper Castle Law Firm, LLP
5275 S. Durango Drive
Las Vegas, NV 89113

A.P.N.:    161-26-512-253
Property Address: 3400 Cabana Drive #2129, Las Vegas, NV 89122

### ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned corporation hereby grants, assigns, and transfers to: **First Horizon Home Loans a division of First Tennessee Bank National Association** all beneficial interest under that certain Deed of Trust dated: **March 24, 2002** executed by **Virgilia Munoz, a married woman, as her sole & separate property and Frank Ornelas, a single man,** as Trustor(s), **Nevada Title Company** as Trustee, and recorded as **Book: 20020328 Instrument: 00028** on March 28, 2002 of Official Records, in the office of the County Recorder of **Clark County, Nevada,** with all moneys now owing or that may hereafter become due or owing in respect thereof and also all rights accrued or to accrue under said Deed of Trust.

Date of Execution:  **11/21/12**

First Tennessee Bank National Association, successor through merger with First Horizon Home Loan Corporation by Nationstar Mortgage LLC as attorney in fact

By: _____  Clint Vail
Title: _____  Assistant Secretary

Acknowledgement:
State of  Texas
County of  Denton

On  11/21/12  before me,  Brady James Niehaus , personally appeared  **Clint Vail** , who provided to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of  Texas  that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____

BRADY JAMES NIEHAUS
Notary Public, State of Texas
My Commission Expires
September 01, 2015

## Exhibit 4

## Exhibit 4

## Exhibit 4

Parcel ID # 161-16-512-253

Inst #: 20140815-0000385
Fees: $19.00
N/C Fee: $0.00
08/15/2014 08:57:49 AM
Receipt #: 2121775
Requestor:
NATIONWIDE TITLE CLEARING I
Recorded By: BERRYS   Pgs: 3
DEBBIE CONWAY
CLARK COUNTY RECORDER

Return to:
Nationwide Title Clearing
2100 Alt 19 North
Palm Harbor, FL 34683

## Assignment of Deed of Trust

Loan Number: 0596956245

Mail Tax Statements to:
VIRGILIA MUNOZ
3400 CABANA DRIVE 2129
Las Vegas, NV 89122

G:\COVERSHT\NEVADA COVERSHEET

Assessor's/Tax ID No. 161-16-512-253

Recording Requested By:
Nationstar Mortgage

When Recorded Return To:
DOCUMENT ADMINISTRATION
Nationstar Mortgage
2617 COLLEGE PARK
SCOTTSBLUFF, NE 69361



## CORPORATE ASSIGNMENT OF DEED OF TRUST

**Clark, Nevada**
**SELLER'S SERVICING #:0596956245** "MUNOZ"

THE UNDERSIGNED DOES HEREBY AFFIRM THAT THIS DOCUMENT SUBMITTED
FOR RECORDING DOES NOT CONTAIN PERSONAL INFORMATION ABOUT ANY
PERSON.

Date of Assignment: July 23rd, 2014
Assignor: FIRST HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK
NATIONAL ASSOCIATION, BY NATIONSTAR MORTGAGE LLC ITS
ATTORNEY-IN-FACT at 350 HIGHLAND DRIVE, LEWISVILLE, TX 75067
Assignee: NATIONSTAR MORTGAGE LLC at 350 HIGHLAND DRIVE, LEWISVILLE, TX
75067

Executed By: VIRGILIA MUNOZ, A MARRIED MAN, AS HER SOLE AND SEPARATE
PROPERTY AND FRANK ORNELAS, A SINGLE MAN  To: FIRST HORIZON HOME
LOAN CORPORATION
Date of Deed of Trust: 03/24/2002 Recorded: 03/28/2002  in Book: 20020328 as Instrument No.:
00028 In the County of Clark, State of Nevada.

Assessor's/Tax ID No. 161-16-512-253

Property Address: 3400 CABANA DRIVE #2129, LAS VEGAS, NV 89122

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the
receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto
the above-named Assignee, the said Deed of Trust having an original principal sum of $92,269.00
with interest, secured thereby, and the full benefit of all the powers and of all the covenants and
provisos therein contained, and the said Assignor hereby grants and conveys unto the said
Assignee, the Assignor's interest under the Deed of Trust.

TO HAVE AND TO HOLD the said Deed of Trust, and the said property unto the said
Assignee forever, subject to the terms contained in said Deed of Trust. IN WITNESS
*JJV*JJVNATN*07/23/2014 04:35:21 PM* NATT01NATNA00000000000000000559384* NVCLARK*
0596956245 NVCLARK_TRUST_ASSIGN_ASSN * *CPNATN*

CORPORATE ASSIGNMENT OF DEED OF TRUST Page 2 of 2

WHEREOF, the assignor has executed these presents the day and year first above written:

FIRST HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK NATIONAL ASSOCIATION, BY NATIONSTAR MORTGAGE LLC ITS ATTORNEY-IN-FACT
On ___7|24|2014___

By: _M̲u̲s̲e̲h̲ ̲h̲ ̲C̲u̲b̲o̲r̲c̲k̲_
_____Melissa Kersenbrock_____,
Assistant Secretary

STATE OF Nebraska
COUNTY OF Scotts Bluff

On __7/24/2014__, before me, _____Traci J Garton_____,
a Notary Public in and for Scotts Bluff in the State of Nebraska, personally appeared
_____Melissa Kersenbrock_____, Assistant Secretary, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

> GENERAL NOTARY-State of Nebraska
> TRACI J GARTON
> My Comm. Exp. Oct. 25, 2016

_____Traci J Garton_____
Notary Expires: 10/25/2016

(This area for notarial seal)

Mail Tax Statements To: VIRGILIA MUNOZ, 3400 CABANA DRIVE #2129, LAS VEGAS, NV 89122

*JJV*JJVNATN*07/23/2014 04:35:21 PM* NATT01NATNA000000000000000559384* NVCLARK*
0596956245 NVCLARK_TRUST_ASSIGN_ASSN * *CPNATN*

# Exhibit 5

# Exhibit 5

# Exhibit 5

Inst #: 201301070001405
Fees: $17.00
N/C Fee: $0.00
01/07/2013 09:20:12 AM
Receipt #: 1447791
Requestor:
NORTH AMERICAN TITLE COMPAN
Recorded By: STN   Pgs: 1
DEBBIE CONWAY
CLARK COUNTY RECORDER

APN #   137-12-813-041
NAS #   N70856
Title Company:   North American Title
Order #:   37308

## Accommodation   NOTICE OF RESCISSION

Notice is hereby given that Nevada Association Services Inc., is the duly appointed agent
under the Notice of Delinquent Assessment Lien, recorded on April 19, 2012 as instrument
number 0000705 Book 20120419 in the office of the Clark County Recorder. The purported
real property owner(s) as indicated on said lien is/are Donald G Graham and Lillian E Graham
as Trustees under said Trust, The Graham Family Trust dated Aug 26 2002. The beneficiary is
Shadow Hills Master Common-Interest Community.
          The beneficiary and/or agent does hereby rescind, cancel and withdraw the Notice of
Default and Election to Sale Under Homeowners Association Lien. It being understood
however, that this rescission shall not in any manner be construed as waiving or affecting any
breach or default, past, present, or future, under said Notice of Delinquent Assessment Lien, or
as impairing any right to remedy thereunder, but is, and shall be deemed to be, only an
election, without prejudice, not to cause a sale to be made pursuant to said Notice of Default
and Election to Sale Under Homeowners Association Lien, and shall in no way jeopardize or
impair any right, remedy or privilege secured to the Beneficiary and/or the agent under said
Notice of Delinquent Assessment Lien, nor modify nor alter in any respect any terms,
covenants, conditions or obligations thereof, and said Notice of Delinquent Assessment Lien
and all obligations secured hereby shall remain in force the same as if said Notice of Default
and Election to Sale Under Homeowners Association Lien had not been made and given. Said
Notice of Default and Election to Sale Under Homeowners Association Lien was recorded on
6/18/2012 as document number 0000954 Book 20120618 in the County recorder of Clark.

Date; January 2, 2013

_____
By: Kia Jacoway, for Nevada Association Services, Inc.,
agent for Shadow Hills Master Common-Interest Community

When Recorded Mail To:
Nevada Association Services, Inc.
6224 W. Desert Inn Road, Suite A
Las Vegas, NV 89146

## Exhibit 6

## Exhibit 6

## Exhibit 6

Inst #: 201303110001800
Fees: $18.00
N/C Fee: $0.00
03/11/2013 10:20:27 AM
Receipt #: 1527901
Requestor:
NORTH AMERICAN TITLE SUNSET
Recorded By: LEX   Pgs: 2
**DEBBIE CONWAY**
CLARK COUNTY RECORDER

APN # 161-16-512-253
NAS # N73039
North American Title # 39325
Property Address: 3400 Cabana Drive #2129

Accommodation

### NOTICE OF DEFAULT AND ELECTION TO SELL UNDER HOMEOWNERS ASSOCIATION LIEN

### IMPORTANT NOTICE

## WARNING! IF YOU FAIL TO PAY THE AMOUNT SPECIFIED IN THIS NOTICE, YOU COULD LOSE YOUR HOME, EVEN IF THE AMOUNT IS IN DISPUTE!

IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION and you may have the legal right to bring your account in good standing by paying all your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account. No sale date may be set until ninety (90) days from the date this notice of default was mailed to you. The date this document was mailed to you appears on this notice.

This amount is $3,093.66 as of March 7, 2013 and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage, or as required under your Covenants Conditions and Restrictions. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property or pay other obligations as required by your note and deed of trust or mortgage, or as required under your Covenants Conditions and Restrictions, Blackhorse Condominiums (the Association) may insist that you do so in order to reinstate your account in good standing. In addition, the Association may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes and hazard insurance premiums.

Upon your request, this office will mail you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your Association may mutually agree in writing prior to the foreclosure sale to, among other things, 1) provide additional time in which to cure the default by transfer of the property or otherwise; 2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your Association permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your Association.

To find out about the amount you must pay, or arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact: Nevada Association Services, Inc. on behalf of Blackhorse Condominiums, 6224 W. Desert Inn Road, Suite A, Las Vegas, NV 89146. The phone number is (702) 804-8885 or toll free at (888) 627-5544.

If you have any questions, you should contact a lawyer or the Association which maintains the right of assessment on your property.

NAS # N73039

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

## REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.
## NOTICE IS HEREBY GIVEN THAT NEVADA ASSOCIATION SERVICES, INC.

is the duly appointed agent under the previously mentioned Notice of Delinquent Assessment Lien, with the owner(s) as reflected on said lien being Virgilia Munoz, Frank Ornelas, dated January 2, 2013, and recorded on January 7, 2013 as instrument number 0001402 Book 20130107 in the official records of Clark County, Nevada, executed by Blackhorse Condominiums, hereby declares that a breach of the obligation for which the Covenants Conditions and Restrictions, recorded on January 29, 2001, as instrument number 00268 Book 20010129, as security has occurred in that the payments have not been made of homeowner's assessments due from 5/1/2012 and all subsequent homeowner's assessments, monthly or otherwise, less credits and offsets, plus late charges, interest, trustee's fees and costs, attorney's fees and costs and Association fees and costs.

That by reason thereof, the Association has deposited with said agent such documents as the Covenants Conditions and Restrictions and documents evidencing the obligations secured thereby, and declares all sums secured thereby due and payable and elects to cause the property to be sold to satisfy the obligations.

Nevada Association Services, Inc. is a debt collector. Nevada Association Services, Inc. is attempting to collect a debt. Any information obtained will be used for that purpose.

Nevada Associations Services, Inc., whose address is 6224 W. Desert Inn Road, Suite A, Las Vegas, NV 89146 is authorized by the association to enforce the lien by sale.

Legal_Description: BLACKHORSE CONDO, PLAT BOOK 97, PAGE 39, UNIT 2129, BLDG 32 in the County of Clark

Dated: March 7, 2013

_Autumn Fesel_

By: Autumn Fesel, of Nevada Association Services, Inc.
on behalf of Blackhorse Condominiums

When Recorded Mail To:
Nevada Association Services, Inc.
6224 W. Desert Inn Road, Suite A
Las Vegas, NV 89146
(702) 804-8885
(888) 627-5544

# Exhibit 7

# Exhibit 7

# Exhibit 7

Inst #: 201310220001801
Fees: $18.00
N/C Fee: $0.00
10/22/2013 01:30:56 PM
Receipt #: 1817855
Requestor:
TITLE SOLUTIONS, INC.
Recorded By: OSA  Pgs: 2
DEBBIE CONWAY
CLARK COUNTY RECORDER

RECORDING COVER PAGE
(Must be typed or printed clearly in BLACK ink only
and avoid printing in the 1" margins of document)

APN# 161-16-512-253

(11 digit Assessor's Parcel Number may be obtained at:
http://redrock.co.clark.nv.us/assrrealprop/ownr.aspx)

TITLE OF DOCUMENT
(DO NOT Abbreviate)

Notice of Foreclosure Sale

Document Title on cover page must appear EXACTLY as the first page of the
document to be recorded.

RECORDING REQUESTED BY:
Nevada Association Services

RETURN TO: Name Nevada Association Services

Address 6224 W. Desert Inn Road

City/State/Zip Las Vegas, NV 89146

MAIL TAX STATEMENT TO: (Applicable to documents transferring real property)

Name

Address

City/State/Zip

This page provides additional information required by NRS 111.312 Sections 1-2.
An additional recording fee of $1.00 will apply.
To print this document properly—do not use page scaling.

APN # 161-16-512-253                          NAS # N73039
Blackhorse Condominiums

## NOTICE OF FORECLOSURE SALE

**WARNING! A SALE OF YOUR PROPERTY IS IMMINENT! UNLESS YOU PAY THE AMOUNT SPECIFIED IN THIS NOTICE BEFORE THE SALE DATE, YOU COULD LOSE YOUR HOME, EVEN IF THE AMOUNT IS IN DISPUTE. YOU MUST ACT BEFORE THE SALE DATE. IF YOU HAVE ANY QUESTIONS, PLEASE CALL NEVADA ASSOCIATION SERVICES, INC. AT (702) 804-8885. IF YOU NEED ASSISTANCE, PLEASE CALL THE FORECLOSURE SECTION OF THE OMBUDSMAN'S OFFICE, NEVADA REAL ESTATE DIVISION, AT 1-877-829-9907 IMMEDIATELY.**

YOU ARE IN DEFAULT UNDER A DELINQUENT ASSESSMENT LIEN, January 2, 2013. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

NOTICE IS HEREBY GIVEN THAT on 11/15/2013 at 10:00 am at the front entrance to the Nevada Association Services, Inc. 6224 West Desert Inn Road, Las Vegas, Nevada, under the power of sale pursuant to the terms of those certain covenants conditions and restrictions recorded on January 29, 2001 as instrument number 00268 Book 20010129 of official records of Clark County, Nevada Association Services, Inc., as duly appointed agent under that certain Delinquent Assessment Lien, recorded on January 7, 2013 as document number 0001402 Book 20130107 of the official records of said county, will sell at public auction to the highest bidder, for lawful money of the United States, all right, title, and interest in the following commonly known property known as: 3400 Cabana Drive #2129, Las Vegas, NV 89122. Said property is legally described as: BLACKHORSE CONDO, PLAT BOOK 97, PAGE 39, UNIT 2129, BLDG 32, official records of Clark County, Nevada.

The owner(s) of said property as of the date of the recording of said lien is purported to be: Virgilia Munoz, Frank Ornelas

The undersigned agent disclaims any liability for incorrectness of the street address and other common designations, if any, shown herein. The sale will be made without covenant or warranty, expressed or implied regarding, but not limited to, title or possession, or encumbrances, or obligations to satisfy any secured or unsecured liens. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $4,789.31. Payment must be in cash or a cashier's check drawn on a state or national bank, check drawn on a state or federal savings and loan association, savings association or savings bank and authorized to do business in the State of Nevada. The Notice of Default and Election to Sell the described property was recorded on 3/11/2013 as instrument number 0001800 Book 20130311 in the official records of Clark County.

Nevada Association Services, Inc. is a debt collector. Nevada Association Services, Inc. is attempting to collect a debt. Any information obtained will be used for that purpose.

October 18, 2013                    Nevada Association Services, Inc.
                                    6224 W. Desert Inn Road, Suite A
                                    Las Vegas, NV 89146  (702) 804-8885, (888) 627-5544

When Recorded Mail To:
Nevada Association Services, Inc.
6224 W. Desert Inn Road, Suite A    By: Elissa Hollander, Agent for Association and employee of
Las Vegas, NV 89146                 Nevada Association Services, Inc.

## Exhibit 8

## Exhibit 8

## Exhibit 8



**RECORDING COVER PAGE**
(Must be typed or printed clearly in BLACK ink only
and avoid printing in the 1" margins of document)

APN# _____

161-16-512-253

(11 digit Assessor's Parcel Number may be obtained at:
http://redrock.co.clark.nv.us/assrrealprop/ownr.aspx)

Inst #: 20140512-0001037
Fees: $19.00 N/C Fee: $0.00
RPTT: $303.45 Ex: #
05/12/2014 10:57:42 AM
Receipt #: 2021163
Requestor:
NEVADA NEW BUILDS LLC
Recorded By: TAH   Pgs: 4
DEBBIE CONWAY
CLARK COUNTY RECORDER

**TITLE OF DOCUMENT**
(DO NOT Abbreviate)

DEED OF SALE _____

_____

_____

**Document Title on cover page must appear EXACTLY as the first page of the
document to be recorded.**

**RECORDING REQUESTED BY:**

Glenn Plantone

**RETURN TO: Name** Glenn Plantone

        **Address** 7570 Norman Rockwell Lane #140

        **City/State/Zip** Las Vegas, NV. 89143

**MAIL TAX STATEMENT TO: (Applicable to documents transferring real property)**

        **Name** Glenn Plantone

        **Address** 7570 Norman Rockwell Lane #140

        **City/State/Zip** Las Vegas, NV. 89143

This page provides additional information required by NRS 111.312 Sections 1-2.
An additional recording fee of $1.00 will apply.
To print this document properly—do not use page scaling.

APN: 161-16-512-253

Return document and mail tax statements to:

Nevada New Builds, LLC
7570 Norman Rockwell Lane Suite 140
Las Vegas NV 89143

# DEED OF SALE

THIS INDENTURE WITNESSETH: That first party

    Glenn Plantone of Nevada New Builds LLC

for valuable consideration, the receipt of which is hereby acknowledged, does hereby convey without warranty, express or implied, to grantee:

    Equity Trust Company Custodian FBO Z130255 for Ashwin Patel
    225 BURNS ROAD    ELYRIA, OH, 44035

The real property situated in Clark County, State of Nevada, described as follows:

## **SEE EXHIBIT A ATTACHED FOR LEGAL DESCRIPTION**

And commonly known as 3400 Cabana Drive unit 2129     Las Vegas, NV. 89122

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in any way appertaining.

Subject to: (i) Property taxes; (ii) conditions, covenants, restrictions, reservations, rights, rights of way, and easements now of record, if any; and (iii) liens, deeds of trust, and other encumbrances now in force, if any.

By: _____
    Authorized Signatory

Print Name: _GLENN PLANTONE of NEVADA NEW BUILDS_

STATE OF NEVADA    )
COUNTY OF CLARK   )

This instrument was acknowledged before me on May 4th    2014,

By: _Glenn Plantone_
    *(Print name of above signatory)*

    NOTARY PUBLIC

NICHOLAS KAREEM SAKHA
NOTARY PUBLIC
STATE OF NEVADA
No. 12-7212-1 – CLARK COUNTY
MY APPT. EXPIRES OCT. 19, 2015

Exhibit A

APN # 161-16-512-253

BLACKHORSE CONDO PLAT BOOK 97 PAGE 39 UNIT 2129 BLDG 32 PT N2 NE4 SEC 16 TWP 21 RNG 62

**STATE OF NEVADA**
**DECLARATION OF VALUE**

1.  Assessor Parcel Number(s)
    a) 161 - 16 - 512 - 253
    b) _____
    c) _____
    d) _____

2.  Type of Property
    a) [ ] Vacant Land        b) [ ] Single Fam. Res.
    c) [X] Condo/Twnhse       d) [ ] 2-4 Plex
    e) [ ] Apt. Bldg.         f) [ ] Comm'l/Ind'l
    g) [ ] Agricultural       h) [ ] Mobile Home
    i) [ ] Other _____

    | FOR RECORDERS OPTIONAL USE |
    |---|
    | Book _____ Page: _____ |
    | Date of Recording: _____ |
    | Notes: _____ |

3.  a) Total Value/Sales Price of Property:   $ 59094
    b) Deed in Lieu of Foreclosure Only (value of   ( $                    )
    c) Transfer Tax Value:   $
    d) Real Property Transfer Tax Due   $ 303.45

4.  **If Exemption Claimed:**
    a. Transfer Tax Exemption, per 375.090, Section: _____
    b. Explain reason for exemption:
    _____
    _____

5.  Partial Interest: Percentage being transferred: _____ %

    The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110 that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

    Signature: _____   Capacity: GRANTOR
    Signature: _____   Capacity: GRANTEE

    | **SELLER (GRANTOR) INFORMATION** | **BUYER (GRANTEE) INFORMATION** |
    |---|---|
    | (REQUIRED) | (REQUIRED) |
    | Print Name: NEVADA NEW BUILDS LLC | Print Name: EQUITY TRUST COMPANY / ASHWIN PATEL |
    | Address: 7570 NORMAN ROCKWELL LN. | Address: CUSTODIAN FBO 2130255 |
    | City: LAS VEGAS  #140 | City: 225 BURNS ROAD |
    | State: NV  Zip: 89143 | State: ELYRIA  Zip: OH. 44035 |

    **COMPANY/PERSON REQUESTING RECORDING (required if not seller or buyer)**
    Print Name: GLENN PLANTONE   File Number: _____
    Address 7570 NORMAN ROCKWELL
    City: LAS VEGAS  #140 LN   State: NV   Zip: 89143

    (AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED)

## Exhibit 9

## Exhibit 9

## Exhibit 9

Inst #: 201311180001812
Fees: $18.00 N/C Fee: $0.00
RPTT: $221.85 Ex: #
11/18/2013 03:11:34 PM
Receipt #: 1846252
Requestor:
NEVADA NEW BUILDS LLC
Recorded By: ARO  Pgs: 3
DEBBIE CONWAY
CLARK COUNTY RECORDER

Please mail tax statement and
when recorded mail to:
Nevada New Builds, LLC
7570 Norman Rockwell Lane #140
Las Vegas, NV 89143

## FORECLOSURE DEED

APN # 161-16-512-253
North American Title #39325                                    NAS # N73039

The undersigned declares:

Nevada Association Services, Inc., herein called agent (for the Blackhorse Condominiums), was
the duly appointed agent under that certain Notice of Delinquent Assessment Lien, recorded
January 7, 2013 as instrument number 0001402  Book 20130107, in Clark County. The previous
owner as reflected on said lien is Virgilia Munoz, Frank Ornelas. Nevada Association Services,
Inc. as agent for Blackhorse Condominiums does hereby grant and convey, but without warranty
expressed or implied to: Nevada New Builds, LLC (herein called grantee), pursuant to NRS
116.31162, 116.31163 and 116.31164, all its right, title and interest in and to that certain property
legally described as: BLACKHORSE CONDO, PLAT BOOK 97, PAGE 39, UNIT 2129, BLDG
32 Clark County

AGENT STATES THAT:
This conveyance is made pursuant to the powers conferred upon agent by Nevada Revised
Statutes, the Blackhorse Condominiums governing documents (CC&R's) and that certain Notice
of Delinquent Assessment Lien, described herein.  Default occurred as set forth in a Notice of
Default and Election to Sell, recorded on 3/11/2013 as instrument # 0001800 Book 20130311
which was recorded in the office of the recorder of said county.  Nevada Association Services,
Inc. has complied with all requirements of law including, but not limited to, the elapsing of 90
days, mailing of copies of Notice of Delinquent Assessment and Notice of Default and the
posting and publication of the Notice of Sale.  Said property was sold by said agent, on behalf of
Blackhorse Condominiums at public auction on 11/15/2013, at the place indicated on the Notice
of Sale.  Grantee being the highest bidder at such sale, became the purchaser of said property and
paid therefore to said agent the amount bid $11,000.00 in lawful money of the United States, or
by satisfaction, pro tanto, of the obligations then secured by the Delinquent Assessment Lien.

Dated: November 15, 2013

By Misty Blanchard, Agent for Association and Employee of Nevada Association Services

STATE OF NEVADA )
COUNTY OF CLARK )
On November 15, 2013, before me, Susana E. Puckett, personally appeared Misty Blanchard personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged that he/she executed the same in his/her authorized capacity, and that by signing his/her signature on the instrument, the person, or the entity upon behalf of which the person acted, executed the instrument.
WITNESS my hand and seal.

(Seal)                                              (Signature)



SUSANA E. PUCKETT
Notary Public, State of Nevada
Appointment No. 11-4965-1
My Appt. Expires April 21, 2015

(Page 35 of 35)

STATE OF NEVADA
DECLARATION OF VALUE

1. Assessor Parcel Number(s)
   a. 161-16-512-253
   b. _____
   c. _____
   d. _____

2. Type of Property:
   a. ☐ Vacant Land    b. ☐ Single Fam. Res.
   c. ☑ Condo/Twnhse    d. ☐ 2-4 Plex
   e. ☐ Apt. Bldg    f. ☐ Comm'l/Ind'l
   g. ☐ Agricultural    h. ☐ Mobile Home
      ☐ Other

| FOR RECORDERS OPTIONAL USE ONLY |
| Book_____ Page:_____ |
| Date of Recording: _____ |
| Notes: |

3.a. Total Value/Sales Price of Property          $ 43,437.00
   b. Deed in Lieu of Foreclosure Only (value of property ( _____ )
   c. Transfer Tax Value:          $ 43,437.00
   d. Real Property Transfer Tax Due          $ 221.85

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section_____
   b. Explain Reason for Exemption: _____

5. Partial Interest: Percentage being transferred: 100 %
The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060
and NRS 375.110, that the information provided is correct to the best of their information and belief,
and can be supported by documentation if called upon to substantiate the information provided herein.
Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of
additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant
to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature *Misty Blanchard*          Capacity: Agent for HOA/NAS Employee

Signature _____          Capacity: _____

| **SELLER (GRANTOR) INFORMATION** | **BUYER (GRANTEE) INFORMATION** |
| **(REQUIRED)** | **(REQUIRED)** |
| Print Name: Nevada Association Services | Print Name: Nevada New Builds, LLC |
| Address:6224 W. Desert Inn Road | Address: 7570 Normand Rockwell LN #140 |
| City: Las Vegas | City: Las Vegas |
| State: Nevada          Zip: 89146 | State:Nevada          Zip:89143 |

**COMPANY/PERSON REQUESTING RECORDING (Required if not seller or buyer)**

| Print Name: | Escrow # |
| Address: | |
| City: | State:          Zip: |

AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED